IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK A COTTONHAM,                )
                                 )    No C 07-5968 VRW (PR)
          Plaintiff(s),          )
                                 )    ORDER STAYING
   vs.                           )    PROCEEDINGS AND
                                 )    ADMINISTRATIVELY
GEORGE C BECKWITH, et al,        )    CLOSING CASE
                                 )
          Defendant(s).          )    (Doc # 2)
_____  )

          Plaintiff, a pre-trial detainee at the San Francisco County Jail, has filed a

pro se civil rights complaint under 42 USC § 1983 seeking damages for allegedly

unconstitutional arrest and criminal prosecution.  He also seeks leave to proceed

in forma pauperis under 28 USC § 1915 (doc # 2), which, good cause shown, is

GRANTED.

                                        I

          In order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v Humphrey, 512 US 477, 486-87 (1994).  A claim for damages bearing

that relationship to a conviction or sentence that has not been so invalidated is not

cognizable under § 1983.  Id at 487.

1   The rationale of <u>Heck</u> applies only if there is an existing conviction.

2   <u>Wallace v Kato</u>, 127 S Ct 1091, 1097-98  (2007).  The contention that "an action

3   which would impugn <u>an anticipated future conviction</u> cannot be brought until that

4   conviction occurs and is set aside" goes "well beyond <u>Heck</u>." Id at 1098

5   (emphasis in original).   Nonetheless, if a plaintiff files a § 1983 unlawful arrest

6   claim before he or she is convicted, or files any other claim related to rulings that

7   likely will be made in a pending or anticipated criminal trial, it is within the

8   power, and accords with common practice, to stay the civil action until the

9   criminal case or the likelihood of a criminal case is ended.  Id.

10   A stay of these proceedings under the rationale of <u>Wallace</u> is in order here.

11   If plaintiff is later convicted, and if the stayed civil suit would impugn that

12   conviction, <u>Heck</u> will require dismissal; otherwise, the case may proceed.  Id.[1]

13   II

14   Good cause appearing therefor, the instant proceedings are STAYED and

15   the case is ADMINISTRATIVELY CLOSED.  Nothing further will take place in

16   this matter until the criminal proceedings against plaintiff come to an end, and,

17   within 30 days thereafter, plaintiff moves to reopen the case, lift the court's stay

18   and amend the stayed complaint.

19   SO ORDERED.

20   _____
     VAUGHN R WALKER

21   United States District Chief Judge

22

23

24   [1]And to whatever extent plaintiff seeks to challenge the legality of his

25   detention, his sole remedy is to file a petition for writ of habeas corpus under 28
     USC § 2241 after exhausting state judicial remedies.  See <u>McNeely v Blanas</u>, 336

26   F3d 822, 824 n1 (9th Cir 2003); <u>Carden v Montana</u>, 626 F2d 82, 83-84 & n1 (9th

27   Cir 1980).  Any such claim is dismissed without prejudice.

28   G:\PRO-SE\VRW\CR.07\Cottonham, M2.stay.wpd          2